UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

NIKHIL S. MAHTANI,

        Defendant.

Case No. 23-CR-227
[18 U.S.C. § 1343]

## INFORMATION

(Wire fraud)

**THE UNITED STATES ATTORNEY CHARGES THAT**:

1. Beginning in approximately January 4, 2019, and continuing thereafter until approximately December 11, 2022, in the State and Eastern District of Wisconsin and elsewhere,

**NIKHIL S. MAHTANI**

knowingly devised and carried out a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises (the "scheme"), which scheme is described more fully below.

### The Scheme

2. It was part of the scheme that:

a. Mahtani posted online advertisements, utilizing the online service Craigslist, falsely representing that he had tickets to professional sporting events at various venues around the country, including at the Fiserv Forum in Milwaukee, Wisconsin.

b. Although Mahtani knew that he did not possess the tickets he was offering to sell, Mahtani made false representations to interested buyers that he would transfer the tickets to them upon payment.

c. Mahtani requested and accepted payments for the non-existent tickets via the interstate wires sent from locations in the Eastern District of Wisconsin and nationwide.

d. After receiving payment for the non-existent tickets, Mahtani converted the victims' funds to his personal use.

e. As a result of his scheme, Mahtani obtained approximately $100,000 to which he was not entitled.

3. On or about July 17, 2021, in the State and Eastern District of Wisconsin and elsewhere,

**NIKHIL S. MAHTANI,**

for the purpose of executing his scheme and attempting to do so, knowingly caused an interstate wire transmission, in the form of an electronic bank transfer for $3,500, to be sent from a victim's account located in Winnebago County, Wisconsin, to a bank account in New York City, New York, which Mahtani controlled.

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE NOTICE

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1343 as set forth in this Information, the defendant, Nikhil S. Mahtani, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense of conviction. The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds derived from the offense of conviction.

2. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

11/30/2023
Date

GREGORY J. HAANSTAD
United States Attorney