UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 23-CR-227

NIKHIL S. MAHTANI,

        Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Gregory J. Haanstad United States Attorney for the Eastern District of Wisconsin, and Daniel R. Humble, Assistant United States Attorney, and the defendant, Nikhil S. Mahtani, individually and by attorney Todd A. Spodek, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in an information, which alleges a violation of Title 18, United States Code, Section 1343.

3. The defendant has read and fully understands the charge contained in the information. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to waive prosecution by indictment in open court.

5. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

**THE UNITED STATES ATTORNEY CHARGES THAT:**

1. Beginning in approximately January 4, 2019, and continuing thereafter until approximately December 11, 2022, in the State and Eastern District of Wisconsin and elsewhere,

**NIKHIL S. MAHTANI**

knowingly devised and carried out a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises (the "scheme"), which scheme is described more fully below.

**<u>The Scheme</u>**

2. It was part of the scheme that:

   a. Mahtani posted online advertisements, utilizing the online service Craigslist, falsely representing that he had tickets to professional sporting events at various venues around the country, including at the Fiserv Forum in Milwaukee, Wisconsin.

   b. Although Mahtani knew that he did not possess the tickets he was offering to sell, Mahtani made false representations to interested buyers that he would transfer the tickets to them upon payment.

   c. Mahtani requested and accepted payments for the non-existent tickets via the interstate wires sent from locations in the Eastern District of Wisconsin and nationwide.

   d. After receiving payment for the non-existent tickets, Mahtani converted the victims' funds to his personal use.

2

e. As a result of his scheme, Mahtani obtained approximately $100,000 to which he was not entitled.

3. On or about July 17, 2021, in the State and Eastern District of Wisconsin and elsewhere,

**NIKHIL S. MAHTANI,**

for the purpose of executing his scheme and attempting to do so, knowingly caused an interstate wire transmission, in the form of an electronic bank transfer for $3,500, to be sent from a victim's account located in Winnebago County, Wisconsin, to a bank account in New York City, New York, which Mahtani controlled.

All in violation of Title 18, United States Code, Section 1343.

6. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

Starting in January of 2019, the defendant Nikhil S. Mahtani began placing ads on Craigslist, approximately 1,100 in total. He advertised fictitious tickets to premier sporting events around the country, intending to defraud individuals into sending payment. For example, National Football League security identified 9 different complaints for games between 2019 through 2021 in which individuals were defrauded into believing they had purchased tickets for luxury suites. In fact, Mahtani never produced tickets to any sporting events and kept the proceeds for his personal use.

NYPD's Fraud Unit began investigating and issued multiple subpoenas which led them to an IP address in the name of K.M., the defendant's mother. They were also able to link telephone

3

numbers associated with the Craigslist ads directly to the defendant via subscriber information. Venmo, PayPal, Zelle, financial institution, and e-mail address records all link the Craigslist postings to Mahtani.

On June 12, 2021, M.K. of De Pere in the State and Eastern District of Wisconsin, sent $600 via Zelle to "Sherina Mahtani" ostensibly for executive suite tickets and VIP parking to Game 4 of the Milwaukee Bucks playoff game on June 13, 2021. After the funds were sent via the interstate wires, "Henry Davis" told M.K. the tickets were available for pickup through Ticketmaster at the Fiserv Forum. The tickets were non-existent and M.K. did not attend the game. The email address and phone number in the ad to which M.K. responded were linked directly to Nikhil Mahtani. "Henry Davis" was a false name used by the defendant numerous times to carry out his scheme.

On May 4, 2021, B.F., an employee of a small business in Milwaukee in the State and Eastern District of Wisconsin, responded to a Craigslist advertisement for executive suite tickets to a game between the Milwaukee Bucks and Brooklyn Nets set to take place that night. B.F. received a text from an individual identified as "Nik." The parties agreed on a price of $1,250. B.F. wired that amount to Nikhil Mahtani to an HSBC account in his name. She and her fellow employees showed up for the tickets only to find they did not exist.

On July 17, 2021, P.T. of Shorewood in the State and Eastern District of Wisconsin, responded to a Craigslist ad for tickets to an upcoming Bucks playoff game. P.T. agreed to buy two executive suite tickets for $1,000. P.T. used Venmo to transfer the money via the interstate wires to an account linked to Mahtani and never received tickets to the basketball game.

Also on July 17, 2021, R.M. of Neenah in the State and Eastern District of Wisconsin, responded to a Craigslist ad for 10 executive suite tickets for a Buck's playoff game. He sent

4

$3,500 via the interstate wires to an M&T bank account linked to Mahtani at his NYC address. The tickets never existed and R.M. and the others did not attend the playoff game.

As a result, Mahtani fraudently obtained approximately $100,000 from the victims of his scheme.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

7. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 20 years and $250,000. the count also carries a mandatory special assessment of $100, and a maximum of 3 years of supervised release. The parties further recognize that a restitution order may be entered by the court.

8. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of wire fraud as set forth in the information, the government must prove each of the following propositions beyond a reasonable doubt:

<u>First</u>, that the defendant knowingly devised and participated in the scheme to defraud described in the indictment or information;

<u>Second</u>, that the defendant did so knowingly and with the intent to defraud;

<u>Third</u>, that the scheme involved material misrepresentations or the concealment of material facts; and

5

Fourth, that for the purpose of carrying out the scheme, the defendant caused interstate wire communications to take place in the manner charged in the count under consideration.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 5. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

14. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any

6

particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

### Base Offense Level

16. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged is 7 under Sentencing Guidelines Manual § 2B1.1(a)(1).

### Specific Offense Characteristics

17. The parties agree to recommend to the sentencing court that a 8-level increase for loss in excess of $95,000 under Sentencing Guidelines Manual § 2B1.1(b)(1)(E) and a 3-level increase for in excess of 10 victims under Sentencing Guidelines Manual § 2B1.1(b)(2)(A)(i) are both applicable to the offense level for the offense charged.

### Acceptance of Responsibility

18. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. The defendant acknowledges, understands, and agrees that conduct consistent with the acceptance of responsibility includes but is not limited to the defendant's voluntary identification and disclosure to the government of any and all actual or potential victims of the offense prior to

7

sentencing.] In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

21. The government agrees to recommend a sentence of 15 months' imprisonment. The defendant is free to argue for any sentence.

## Court's Determinations at Sentencing

22. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

8

23. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

24. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

25. The defendant agrees to provide to the Financial Litigation Program (FLP) of the United States Attorney's Office, upon request of the FLP during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLP and any documentation required by the form. The defendant further agrees, upon request of FLP whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

### Special Assessment

26. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

9

## Restitution

27.     The defendant agrees to pay restitution as ordered by the court. The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

## Forfeiture

28.     The defendant agrees that all properties listed in the information and/or bill of particulars constitute the proceeds of the offense to which he is pleading guilty. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

## DEFENDANT'S WAIVER OF RIGHTS

29.     In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it

could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

30. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

31. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

11

Case 1:23-cr-00227-WCG   Filed 12/07/23   Page 11 of 15   Document 2

32. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

33. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction or sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statute or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statute or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

## GENERAL MATTERS

34. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

12

35. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

36. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

37. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

38. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

14

Case 1:23-cr-00227-WCG   Filed 12/07/23   Page 14 of 15   Document 2

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 11/29/2023

*Nikhil Mahtani*
ID whkRA1WxwCYWy13aEeM7xagE

NIKHIL S. MAHTANI
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 11/30/2023

ID Tw9QBmZvpAWGxbSJA9T54Ydp

TODD A. SPODEK
Attorney for Defendant

For the United States of America:

Date: 11/30/2023

GREGORY J. HAANSTAD
United States Attorney

Date: 11/30/2023

DANIEL R. HUMBLE
Assistant United States Attorney

15